Isabel S. HELLINGS, Appellee,

v.

IVES FUNERAL HOME, INCORPO-
RATED, Appellant.

No. 8529.

United States Court of Appeals
Fourth Circuit.

Argued March 20, 1962.

Decided April 6, 1962.

E. Waller Dudley, Alexandria, Va.
(Boothe, Dudley, Koontz & Boothe, Alex-
andria, Va., on brief), for appellant.

Cornelius H. Doherty, Washington, D.
C. (Cornelius H. Doherty, Jr., Washing-
ton, D. C., on brief), for appellee.

Before SOPER, HAYNSWORTH and
J. SPENCER BELL, Circuit Judges.

PER CURIAM.

Believing that it was entitled to the
direction of a verdict in its favor in this
tort action, the defendant offered no testi-
mony. The verdict and the judgment
went against it. It now appeals, con-
tending there was no evidence of its neg-
ligence and that the testimony discloses
contributory negligence of the plaintiff
as a matter of law.

We think that the District Court was
justified in denying the motion for a
directed verdict and in submitting these
issues to the jury.

The plaintiff sustained injuries when
she undertook to step over, or down from,
a curb bounding a parking lot maintained
by the defendant. The submissibility of
the issues depends upon the shape, size
and location of the curbing.

The defendant operates a mortuary in
Arlington County, Virginia, in connec-
tion with which it maintains a parking
lot adjacent to the lot upon which the
mortuary stands. There was a paved
walkway running in a line approximately
perpendicular to the street and along the
side of the defendant's building. Along
the outer edge of this walkway, and sep-
arating it from the parking area, was
the curb where the fall occurred.

The plaintiff, a resident of Pennsyl-
vania, came to Arlington, Virginia, be-
cause of the death of her sister. In the
early evening of the day of her arrival
in Arlington, she went, with her brother-
in-law, to the defendant's mortuary to
view her sister's body.

The brother-in-law parked his auto-
mobile in the parking lot. He and the
plaintiff dismounted and walked in the
direction of the defendant's building,
which required that they pass over the
curbing and onto the sidewalk running
along the side of the building.

The testimony establishes the fact that
the curbing was of macadam, was round-
ed on the top, and that its top was some
nine or ten inches above the level of the

sidewalk. The side of the curb nearest the sidewalk was not perpendicular, but sloped outward from the rounded top in the direction of the sidewalk. The plaintiff testified that she assumed the side of the curb away from her was perpendicular, and that her heel contacted the slope of the side as she stepped down. This occasioned her fall.

The defendant's theory here is bottomed upon the assumption that the curb was symmetrical. While dusk had fallen, the area was well lighted, and the defendant suggests that the plaintiff, who saw the rounded top of the curb and the side of the curb facing the parking lot, should have known that the curb side facing the sidewalk was of equal height and similar shape to the side she could plainly see.

Whatever the actual fact, the testimony justifies the statement of the District Judge, in denying the defendant's motion for judgment N.O.V., that the sidewalk was below the grade level of the parking lot. The plaintiff testified that as she approached the curb "there seemed to be sort of a lift, I suppose, for drainage * * *." No one described the parking lot face of the curb as being equal in height or similar in slope to its sidewalk face. If, approached from the parking lot, it appeared to be only a slight "lift" for drainage beyond which there was a step down to the lower level of the sidewalk, the curb was not symmetrical and it would be obvious to one approaching from the parking lot that its sidewalk face was quite dissimilar to the "sort of a lift" it appeared to be when approached from the parking lot.

There would be much to say for the defendant's theory if, in fact, the sidewalk and the parking lot were on the same grade and the macadam curb separating the two was symmetrically constructed with sloping sides of equal width. The plaintiff's testimony did not establish that to be the fact, however, and the defendant made no effort to prove it.

In this state of the proof, we cannot say that a jury could not reasonably conclude that the design and construction of the curb was deceptive. Appearing to be an ordinary stepdown from one level to a lower level, it presented no reason for the plaintiff to suppose that the sidewalk face of the curb was not perpendicular to the ground as the risers of most steps are. We cannot hold, as a matter of law, that the situation was not confusingly deceptive to a stranger, approaching from the parking lot and exercising ordinary care, unless the evidence permitted no other finding than that the curb had the shape and dimensions suggested by the defense.

Since the only testimony on the matter appears inconsistent with the defendant's suggestion, we conclude that the District Court properly overruled the motions for directed verdict and for judgment notwithstanding the verdict.

Affirmed.